# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between the following Parties: LISA BARRY (hereinafter "Plaintiff") and ROLLINS, INC.:

## BACKGROUND INFORMATION

A.  On August 7, 2014, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Lisa Barry, Plaintiff v. Rollins, Inc., Defendant,* Civil Action No. 1:14-CV-2561-RWS (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the Plaintiff.

B.  Pursuant to the Litigation, Plaintiff claims that Rollins, Inc. (hereinafter "Defendant") intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendant denies these allegations.

C.  Plaintiff and Defendant desire to enter into an agreement resolving and settling all claims by Plaintiff against Defendants and all those to be released in this Settlement Agreement, reciting the following terms and conditions.

D.  Plaintiff warrants and represents that she has not assigned any of her claims against Defendants or any other person or entity to be released in this Settlement Agreement and that no attorneys other than John Mays and Jeff Kerr of Mays & Kerr LLC, have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Settlement Agreement.

E.  This Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims against the Defendant, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendant, or any of its officials, directors, officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

## **STATEMENT OF AGREEMENT**

The Parties hereby acknowledge, and rely upon as material to this agreement, the accuracy of the above Background Information and hereby agree as follows:

1.      Consideration.  In consideration of this Settlement Agreement and Release and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants will tender to Plaintiff the gross amount of **Forty Thousand Dollars and No Cents** ($40,000.00), less applicable deductions and withholdings, payable as follows by delivery to the attention of Plaintiff's counsel of record (subject to the provisions of Sections 2-4, below):

   a.   **$12,928.50** (less withholdings and deductions) payable to Plaintiff for unpaid wages, which must be received by Plaintiff's counsel on or before fifteen (15) days (or the next business day if such day is a weekend or bank holiday) after Defendant's in-house counsel receives a copy of this Agreement signed by Plaintiff and the Litigation is dismissed with prejudice;

   b.   **$12,928.50** (with no withholdings or deductions) payable to Plaintiff for FLSA liquidated damages, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above;

   c.   **$1,000.01** (with no withholdings or deductions) payable to Plaintiff for general damages, which may be combined into the payment set forth in paragraph 1(b), above, and which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above;

   d.   **$13,142.99** payable to Mays & Kerr LLC, for attorney's fees ($12,696.64) and costs ($446.35), which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a) above.

The settlement amounts paid to Plaintiff for his alleged unpaid wages in Section (a) shall be paid by check payable to Plaintiff in the amount stated above, less all applicable taxes and other required or authorized wage withholdings and employer

tax payments and reported on IRS form W-2 and its state tax equivalent ("W-2 payments"). The settlement amount paid to Plaintiff for her alleged FLSA liquidated damages in Section (b) and general damages in Section (c) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to Plaintiff in the amounts stated above and reported in box # 3 on IRS Form 1099-MISC and its state tax equivalent. Plaintiff represents and warrants that the payments set forth in Section (a) and (b) constitute payment of one hundred percent (100%) of Plaintiff's claims for alleged unpaid back wages and unpaid liquidated damages under the FLSA net of any attorney's fees and costs. Plaintiff represents and warrants that the payments set forth in Section (c) constitutes payment of one hundred percent (100%) of Plaintiff's claims for alleged violation of any other law, rule, or regulation released by this Agreement. The settlement amounts paid to Plaintiff's counsel of record for fees and costs under Section (d) constitute payment of Plaintiff's attorney's fees and costs on all claims under the FLSA and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be a 1099 Payment paid in a check made payable to Mays & Kerr LLC in the amount stated above and reported in box # 14 on IRS Form 1099-MISC. Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Plaintiff hereby agrees to indemnify Defendant for any fine, penalty, interest, and/or assessment determined by a taxing authority to be due such authority as a result of Defendant's failure to take any deductions or withholdings from Section (b), (c), and (d). Prior to any payments set forth above, Plaintiff's counsel shall provide Defendants with an IRS form W-9 reflecting Plaintiff's counsel's tax identification number and a W-9 for Plaintiff.

2.  <u>Settlement Approval</u>. All Parties agree that, upon execution of this Agreement, through the use of the joint motion attached hereto as Attachment A, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within fifteen (15) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

3. <u>Dismissal</u>.  Upon judicial approval of the Agreement and Plaintiff's receipt of the payments, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment B, with the court within two (2) business days.

4. <u>Non-Disparagement.</u>  The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

5. <u>Mutual Release & Waiver of All Claims</u>.  In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, her heirs and assigns, hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Defendant and its predecessor and their parents, subsidiaries, affiliates, owners, trustees, officers, administrators, agents, attorneys, managers, employees, personally and in their respective capacities, their heirs and assigns, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they may now have against them, either individually, jointly, or severally, before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Settlement Agreement and Release; which release especially shall include any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, her employment with or separation from employment with Defendant, including, but not limited to, claims under the FLSA; Title VII of the Civil Rights Act of 1964; ADEA; 42 U.S.C. §1981; the Americans with Disabilities Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974; and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise.  Plaintiff further agrees that she will not attempt (or authorize an attempt) to re-initiate in a court or in arbitration, the FLSA claims and any other claims hereby released in any manner, and waives the right to recover in any lawsuit or administrative proceeding, whether brought by herself or by the EEOC, arising out

of, either directly or indirectly, their employment with or separation from employment with Respondent. The foregoing release only applies to claims existing as of Plaintiff's execution of this Agreement or earlier.

In exchange for good and valuable consideration, the receipt of which is hereby acknowledged, Defendant hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Plaintiff, and her heirs and assigns, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which Defendant may now have against Plaintiff before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Settlement Agreement and Release.

6. <u>Entire Release</u>.  Plaintiff affirms that the only consideration for her decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused her to execute the Agreement; that she fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that she has consulted legal counsel before executing the Agreement.

7. <u>Amendments</u>.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

8. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

9. <u>Governing Law</u>.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

10. <u>Confidentiality</u>. Except to the extent the Parties are required to file this document pursuant to Paragraph 2, above, or as required by law, Plaintiff shall keep confidential the terms and conditions of this Agreement.  It shall not be a violation

of this Paragraph for Plaintiff to reveal this Agreement to her spouse, if any, or any financial or legal advisor, provided that she binds such persons to confidentiality at least as stringent as this Paragraph.

11. <u>Waiver of Reinstatement</u>.  Plaintiff waives any right to reinstatement or future employment with Defendant or any of its affiliates or subsidiaries, and she shall not knowingly apply for any such employment.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of six (6) pages (plus attachments) effective December __, 2014.

[SIGNATURES ON NEXT PAGE]

Date: 12/15/14

**Lisa Barry**

_____
Lisa Barry

Subscribed before me,
this 15th day of December 2014.

_____
Notary Public

My commission expires: 4/20/17

(NOTARIAL SEAL)

_____
John L. Mays
Georgia Bar No. 986574
Jeff Kerr
Georgia Bar No.

**MAYS & KERR LLC**
235 Peachtree Street NE
North Tower ~ Suite 202
Atlanta, Georgia 30303
Telephone: (404) 410-7998
Facsimile: (404) 855-4066
john@maysandkerr.com

Attorneys for Plaintiff Lisa Barry

Date: 12/17/14

Rollins, Inc.

_____
Rollins, Inc.

By: Joseph M Ward